UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN KOEHLER,

        Plaintiff,

  v.                                      Case No. 12-C-372

SARA LEE CORP.,

        Defendant.

## ORDER DENYING RECONSIDERATION

Plaintiff John Koehler brought this action alleging retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a). This Court granted the Defendants' motion for summary judgment. The Plaintiff now moves for reconsideration.[1] The principal impetus of his motion is his assertion that this Court erred by finding that, in the proposed findings of fact, he had stipulated to the fact that both assistant human resources managers had sought counseling in order to deal with stress resulting from interactions with the Plaintiff. This was error, he asserts, because he had merely stipulated to the fact that they had "stated" that such was the case; whether that was *true* was disputed by the other facts the Plaintiff cited to in his response to that proposed finding of fact. But in my Decision and Order I explained why the facts Plaintiff cited in response do not undermine the suggestion that he was the source of significant stress for his employees. In short, the fact that certain other

---

[1] He has also filed a notice of appeal after no response was received from the Defendant. Under Fed. R. App. P. 4(a)(4)(A)(v), the notice of appeal was filed early but will become effective as of this date. Fed. R. App. P. 4(a)(4)(B)(i).

employees had observed various good qualities in him says nothing about whether he drove his direct reports to seek counseling. Most people have good qualities in addition to their bad qualities, and (particularly in the workplace setting) they often do not balance out. Plaintiff also suggests that, as underlings, the two employees had a motive to lie about their boss in order to get him fired and steal his job. Although that seems implausible under these circumstances—people do not generally seek mental health counseling in order to get their boss fired—it is also irrelevant. The key question is what the *employer* thought, and here the employer was entitled to believe the employees' perfectly plausible story that Koehler had driven them to seek counseling.

The other points Plaintiff raises in the motion are ancillary ones (such as whether the employees Koehler cited were actually discriminated against) that do not change the fact that the employer had a *bona fide*, and even compelling, reason to terminate Koehler's employment. The motion for reconsideration is therefore **DENIED**.

**SO ORDERED** this 6th day of February, 2014.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court